# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0362, <u>State of New Hampshire v. Tony Hebert</u>, the court on January 24, 2024 issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Tony Hebert, appeals an order of the Superior Court (<u>Nicolosi</u>, J.) denying his motion for earned time credits. <u>See</u> RSA 651-A:22-a (Supp. 2023). We affirm.

The following facts were found by the trial court or are supported by the record. In September 2013, the defendant was sentenced to 14 to 30 years for a manslaughter that he committed in 2011, less 790 days of credit for pretrial time served. In June 2021, the defendant filed a motion to award him 240 days of earned time credits, as recommended by the Commissioner of the Department of Corrections (Commissioner), for his completion of certain programs in prison. <u>See</u> RSA 651-A:22-a. The trial court denied the motion without explanation and the defendant appealed. In September 2022, we vacated the court's order and remanded the case for the court to explain the basis for its ruling. <u>See</u> <u>State v. Hebert</u>, No. 2021-0362 (non-precedential order), 2022 WL 4007467 (N.H. Sept. 2, 2022).

On October 3, 2022, the trial court issued a narrative order explaining its prior ruling. After reviewing the record and "considering the accomplishments of the defendant while in prison," the trial court concluded that "the sentencing [judge] would not have afforded the defendant the opportunity for earned time reductions." Rather, "in light of the crime and the need for deterrence and punishment," the court determined that the sentencing judge would have "maintained its authority to control any change in the committed portion of the sentence via RSA 651:20." The trial court noted that, in reaching its conclusion, it had neither "turned a blind eye to the defendant's achievements" nor failed to "recognize[] the benefits his self-improvement may have on his readjustment into the community." The court concluded that the release decision should not turn "on the Commissioner's recommendation based on the narrow consideration of programming," and instead found it more appropriate for the court "to consider more broadly whether to reduce the time the defendant spends in prison for his crime."

On appeal, the defendant argues that the court erred by: (1) denying his motion for earned time credits because it did not consider his post-sentencing rehabilitation; and (2) concluding that the sentencing judge would not have afforded the defendant the opportunity for earned time credits. Further, the defendant asserts that, due to the unique facts of this case, he is entitled to earned time credits as a matter of law. The defendant points to his "exceptional accomplishments" in prison including completion of "an extraordinary number" of rehabilitative programs. The defendant concludes that if his "rehabilitative accomplishments do not entitle him to earned-time credits, it is difficult to imagine whose would."

We review the trial court's decision denying the defendant's motion for earned time credits under the unsustainable exercise of discretion standard. State v. Jordan, 176 N.H. ___, ___ (decided June 29, 2023) (slip op. at 7). When we determine whether a ruling made by a judge is a proper exercise of judicial discretion, we are really deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. Id. (slip op. at 7). We will reverse the trial court's ruling only if it was clearly untenable or unreasonable to the prejudice of the defendant's case. Id. (slip op. at 7). The interpretation of a court order is a question of law, which we review de novo. In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008).

RSA 651-A:22-a authorizes a one-time reduction in a prisoner's minimum and maximum sentences for successful completion of each program specified in the statute. Jordan, 176 N.H. at ___ (slip op. at 4); see RSA 651-A:22-a. The statute became effective on September 9, 2014, see Laws 2014, 166:3, and applies to prisoners incarcerated both before and after that date. Jordan, 176 N.H. at ___ (slip op. at 4); see RSA 651-A:22-a, II.

Paragraph I of the statute states that "[t]he commissioner, after reviewing a prisoner's record, shall award to a prisoner or recommend that the prisoner receive a one-time reduction in his or her minimum and maximum sentences" after he or she successfully completes one of the programs listed in the statute. Jordan, 176 N.H. at ___ (slip op. at 4); RSA 651-A:22-a, I.

Paragraph II provides in relevant part:

> The earned time reductions authorized in paragraph I of this section shall be available to prisoners who were incarcerated prior to the effective date of this section upon recommendation of the commissioner and upon approval of the sentencing court in response to a petition which is timely brought by the prisoner.

RSA 651-A:22-a, II. The language, "upon recommendation of the commissioner and upon approval of the sentencing court," unambiguously gives the

sentencing court discretion to grant or deny approval of earned time credits to a prisoner, like the defendant in this case, who was incarcerated before September 9, 2014. Jordan, 176 N.H. at ___ (slip op. at 5); see RSA 651-A:22-a, II.

Courts have broad discretion to consider all relevant factors in their decision to grant, or decline to grant, approval for earned time credits. Jordan, 176 N.H. at ___ (slip op. at 6). For example, courts may consider the sentencing orders, the rehabilitation of the defendant while in prison, and the nature of the offense and its impact on the victims. See id. (slip op. at 7). The trial court's decision to approve or deny earned time credits is, "by nature," "subjective and individualized." Id. (slip op. at 8).

Contrary to the defendant's assertion that the trial court did not consider his post-sentencing rehabilitation, in reaching its decision the court in fact considered the defendant's rehabilitation along with the nature of the crime and the need for deterrence and punishment. See id. (slip op. at 7). Thus, the court acted within its "broad discretion" when it declined to grant the defendant's motion for earned time credits. See id. (slip op. at 7). In short, the defendant's rehabilitative accomplishments, while significant, are not dispositive and did not preclude the court from considering other relevant factors in reaching its decision to deny the motion. See id. (slip op. at 5) ("Had the legislature intended to mandate the award of earned time credits to all prisoners who completed approved programming and received the commissioner's recommendation it could have said so."). Because the record establishes an objective basis sufficient to sustain the court's judgment and its decision was not clearly untenable or unreasonable, we conclude that the court did not unsustainably exercise its discretion in denying the defendant's motion for earned time credits. Accordingly, we disagree with the defendant's assertion that he is entitled to earned time credits as a matter of law.

Affirmed.

BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred; HICKS, J., sat for oral argument but did not participate in the final vote, see N.H. CONST. pt. II, art. 78.

**Timothy A. Gudas,**
**Clerk**